UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REGINA CHAMPION<br>  Plaintiff<br><br>   V.<br>TRANSPORTATION SECURITY<br>ADMINISTRATION<br><br>  Defendant | CIVIL ACTION NO. 1:10-CV-11568-WGY |

FIRST AMENDED COMPLAINT

NATURE AND BASIS OF ACTION

1.  This is an action under the Federal Tort Claims Act, 28 U.S.C. §1346(b).

PARTIES

2.  Plaintiff Regina Champion ("Ms. Champion") is an individual residing in Orleans, Barnstable County, Massachusetts.

3.  Defendant Transportation Security Administration ("TSA") is an agency within the United States Department of Homeland Security.

JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1346(b)1.  Venue is proper in this Court under 28 U.S.C. §1402(b) and Local Rule 40.1(C)(1) because this is the judicial district in which both the plaintiff resides and the act or omission giving rise to this suit occurred.

FACTUAL ALLEGATIONS

5.  In the early morning hours of February 14, 2009, Ms. Champion departed Cape Cod to Logan Airport in Boston for a trip to Fort Myers, Florida on Jet Blue Airlines Flight #463, which was scheduled to depart Logan from Gate C36 at 6:25 a.m.

6. Prior to leaving for the airport, Ms. Champion placed a 2-karat round diamond ring left to her by her father inside some wrapping paper, which she then placed in a zippered pocket within the interior of her brown leather shoulder bag.

7. Between 5:20 and 5:45 a.m., Ms. Champion passed through a TSA security check point at Logan. After passing through security, Ms. Champion was selected for secondary screening and instructed by Transportation Security Officers (TSOs) employed by the TSA to proceed to a nearby cubicle.

8. After Ms. Champion had waited for some indeterminate period of time in the cubicle, she heard a TSO yelling for a female TSO to come to the cubicle. When no female TSO appeared, the unidentified TSO yelled again, requesting a female TSO.

9. During the time Ms. Champion was waiting for secondary screening by a TSO in the cubicle, her shoulder bag was not in her possession or within her line-of-sight.

10. After completing secondary screening, Ms. Champion proceeded to the gate and boarded the Jet Blue flight to Fort Myers. She placed her shoulder bag under the seat in front of her and did not leave her seat at any point during the flight.

11. After arriving at her destination, Ms. Champion discovered to her dismay that the ring was missing.

12. On March 25, 2009, Ms. Champion sent an e-mail to TSA complaining about the inattentive screener and/or lax security at Logan using the "Contact Us" e-mail address provided by the TSA on its website. A true and correct copy of Ms. Champion's initial e-mail is attached as **Exhibit A**.

13. In an e-mail sent at 5:26 p.m. on March 26, 2009, TSA forwarded to Ms. Champion a claim form (Standard form 95). A true and correct copy of TSA's e-mail is attached as **Exhibit B.**

14. In or about January 2010, Ms. Champion sent the completed claim form to TSA.

15. By letter dated February 16, 2010, TSA acknowledged receipt of Ms. Champion's claim. A true and correct copy of the February 16 letter is attached as **Exhibit C.**

16. By letter dated March 19, 2010, TSA informed Ms. Champion of its final administrative action denying her claim against the United States under the Federal Tort Claims Act based on the alleged negligent or wrongful acts or omissions of the TSA personnel. A true and correct copy of the March 19 letter is attached as **Exhibit D.**

COUNT I

(Claim under Federal Tort Claims Act)

17. Ms. Champion incorporates and realleges, as if fully set forth in this Paragraph, the allegations of paragraphs 1 to 16 above.

18. TSA policy requires the Transportation Security Officers (TSOs) to reasonably assure that carry-on items are kept within a passenger's line-of-sight when a passenger is required to undergo additional screening.

19. When passengers cannot maintain line-of-sight with their property during a pat down or private screening, TSOs are trained to maintain control and sight of their items for them, and to ensure that they are reunited with their property once it has cleared x-ray screening.

20. The TSOs failed to exercise that degree of care required under the circumstances to assure that Ms. Champion's handbag were kept within her line-of-sight while she was required to undergo additional screening and/or failed to maintain that degree of control over and sight of her handbag to ensure that it, and its contents, were reunited with Ms. Champion after the completion of private screening.

21. Ms. Champion has suffered a loss of property caused by the negligence of employees of the TSA while acting within the scope of their employment under circumstances where the United States, if a private person, would be liable to Ms. Champion in accordance with the law of the Commonwealth of Massachusetts, where the negligent acts and/or omissions occurred.

22. This suit has been timely filed under 28 U.S.C. §2401(b) because Ms. Champion's claim was presented in writing to TSA within two years after her claim accrued and because this action has been commenced within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by TSA on March 19, 2010.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff Regina Champion requests that this Court:

    A. Enter judgment awarding her damages in an amount to be determined by the Court;

    B. Award her the costs of this action; and

    C. Grant such other different and further relief as the Court deems appropriate.


REGINA CHAMPION
By her attorney,

   /Lindsey M. Straus/
Lindsey M. Straus, Esquire
BBO #554181
Law Office of Lindsey M. Straus
114 Harwich Road
Brewster, MA 02631
(508) 896-8008 (telephone)